IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| PETROLEUM GEO-SERVICES, INC., | ) | |
| and PETROLEUM GEO-SERVICES ASA | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff WesternGeco L.L.C., for its Complaint against Defendants Petroleum Geo-Services ASA and Petroleum Geo-Services, Inc. (collectively, "PGS"), hereby alleges as follows and demands a jury trial on all issues so triable.

**THE PARTIES**

1. Plaintiff WesternGeco L.L.C. ("WesternGeco") is a Delaware corporation having a principal place of business at 10001 Richmond Avenue, Houston, Texas 77042-4299.

2. Upon information and belief, Defendant Petroleum Geo-Services ASA ("PGS ASA") is a Norwegian corporation having a principal place of business at Strandveien 4, P.O. Box 89, NO-1325, Lysaker, Norway, and offices in Houston, Texas and Austin, Texas.

3. Upon information and belief, Defendant Petroleum Geo-Services, Inc. ("PGS Inc.") is a Delaware corporation having a principal place of business at 15150 Memorial Drive, Houston, Texas 77079, having an agent for service of process registered with the Texas Secretary of

State's office.  Upon information and belief, Defendant PGS Inc. is a wholly-owned subsidiary of Defendant PGS ASA.

## NATURE OF THE ACTION

4. This is a civil action for the willful infringement of United States Patent Nos. 6,691,038 ("the '038 patent"), 7,080,607 ("the '607 patent"), 7,162,967 ("the '967 patent"), and 7,293,520 ("the '520 patent") (collectively, "the Patents-in-Suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. PGS ASA and PGS Inc. are subject to personal jurisdiction in this Court as evidenced by, *inter alia*, their presence in Texas and their systematic and continuous contacts with the State of Texas.

7. Upon information and belief, PGS ASA and PGS Inc. have an active business presence in this district.  For example, the 2012 Annual Report of PGS ASA lists four "worldwide offices" located in Houston, Texas.

8. Upon information and belief, PGS ASA and PGS Inc. share a website, http://www.pgs.com.  Upon information and belief, this website is accessible nationally and internationally, and is active in interstate commerce.  This website touts and advertises the products, components and services accused of infringement in this Complaint.  Upon information and belief, PGS intends that its customers and potential customers within this judicial district will access this website and purchase PGS products and services.

9. Upon information and belief, PGS ASA and PGS Inc. are additionally subject to personal jurisdiction in this Court due to their specific activities in the State of Texas relating to the supply, marketing and selling of products and services, and components thereof, that infringe the Patents-in-Suit, as alleged and stated within this section and throughout this Complaint.

10. Upon information and belief, PGS ASA and PGS Inc. maintain or have maintained an office within this judicial district for business activities including but not limited to marketing and selling products and services that infringe the Patents-in-Suit.

11. Upon information and belief, PGS ASA and PGS Inc. regularly market and advertise products and services that infringe the Patents-in-Suit to customers within this District. Upon information and belief, PGS ASA and PGS Inc. employ marketing and sales personnel within this judicial district in connection with promoting their commercial interests, including but not limited to the sales of products and services that infringe the Patents-in-Suit.

12. Upon information and belief, PGS ASA and PGS Inc. have offered for sale infringing products and services relying, at least in part, on equipment, services and/or support provided from this judicial district.

13. Upon information and belief, PGS ASA and PGS Inc. have attended and plan to attend conferences and trade shows within this judicial district, to promote their commercial interests, including but not limited to the sales of products and services that infringe the Patents-in-Suit. Upon information and belief, PGS ASA and PGS Inc. will be exhibiting at the 2013 Society of Exploration Geophysicists International Exposition and Annual Meeting ("SEG annual meeting"), taking place in Houston, Texas in September 2013, in order to promote products and services incorporating ION Geophysical Corporation's ("ION's") DigiFIN and Lateral Controller that infringe WesternGeco's Patents-in-Suit. Upon information and belief,

PGS ASA and PGS Inc. have attended and exhibited at previous SEG annual meetings, including those within this judicial district, in order to promote products and services incorporating ION's DigiFIN and Lateral Controller that infringe WesternGeco's Patents-in-Suit.

14. Upon information and belief, PGS ASA and PGS Inc. supplied or have caused to be supplied in or from this judicial district components of streamer steering systems used in marine seismic surveys that infringe the Patents-in-Suit, including but not limited to DigiFINs and Lateral Controllers. Upon information and belief, PGS entered into a Launch Partner Agreement with ION for ION's DigiFIN and Lateral Controller technology. Upon information and belief, PGS additionally entered into a fleet-wide agreement for ION's ORCA software.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS

16. On February 10, 2004, the '038 patent, titled "Active Separation Tracking And Positioning System For Towed Seismic Arrays," was duly and legally issued to WesternGeco as assignee. WesternGeco is the current assignee of the '038 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '038 patent is attached hereto as Exhibit A.

17. On July 25, 2006, the '607 patent, titled "Seismic Data Acquisition Equipment Control System," was duly and legally issued to WesternGeco as assignee. WesternGeco is the current assignee of the '607 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '607 patent is attached hereto as Exhibit B.

18. On January 16, 2007, the '967 patent, titled "Control System For Positioning Of Marine Seismic Streamers," was duly and legally issued to WesternGeco as assignee.

WesternGeco is the current assignee of the '967 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '967 patent is attached hereto as Exhibit C.

19. On November 13, 2007, the '520 patent, titled "Control System For Positioning Of A Marine Seismic Streamers," was duly and legally issued to WesternGeco as assignee. WesternGeco is the current assignee of the '520 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '520 patent is attached hereto as Exhibit D.

## PGS AND DIGIFIN

20. Upon information and belief, PGS ASA and PGS Inc. market, sell and perform marine seismic surveys.

21. Upon information and belief, PGS ASA and PGS Inc. supplied or caused to be supplied DigiFIN and the Lateral Controller products in or from the United States for combination and use in marine seismic surveys conducted outside the United States.

22. Upon information and belief, marine seismic vessels owned and/or operated by PGS are equipped with DigiFINs and Lateral Controllers.

23. Upon information and belief, PGS ASA and PGS Inc. have sold or offered for sale within the United States marine seismic surveys including DigiFINs and the Lateral Controllers.

24. The supplying or causing the supply of DigiFIN and/or the Lateral Controller was found to infringe the '038 patent, the '607 patent, the '967 patent, and the '520 patent in *WesternGeco L.L.C. v. ION Geophysical Corp.*, No. 4:09-CV-01827 (S.D. Tex.) ("the ION litigation"), the judgment, verdict and rulings of which are hereby incorporated by reference.

WesternGeco was not compensated for some or all of PGS ASA's, and PGS Inc.'s infringement as a result of the ION litigation.

25. Upon information and belief, PGS ASA and PGS Inc., have been aware of the Patents-in-Suit and that DigiFIN and/or the Lateral Controller could infringe those patents since at least around December 8, 2009, when PGS ASA and PGS Inc. their employee(s) and counsel were provided with a copy of WesternGeco's Complaint in the ION litigation.

26. Upon information and belief, PGS ASA and PGS Inc. additionally have been aware since around June 11, 2012 of the Southern District of Texas' summary judgment in the ION litigation that supplying or causing to be supplied DigiFIN and the Lateral Controller for use in marine seismic surveys outside the United States infringes the '520 patent.

27. Upon information and belief, PGS ASA and PGS Inc. additionally have been aware since around August 16, 2012 of the jury verdict in the ION litigation that supplying or causing to be supplied DigiFIN and/or the Lateral Controller for use in marine seismic surveys outside the United States infringes claims 18, 19, and 23 of the '520 patent; claim 15 of the '967 patent; claim 15 of the '607 patent; and claim 14 of the '038 patent under 35 U.S.C. §§ 271(f)(1) and (2).

## COUNT I – INFRINGEMENT OF THE '038 PATENT

28. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-27 above.

29. The DigiFIN and/or Lateral Controller comprise a substantial portion of the components of the system covered by the '038 patent.

30. Upon information and belief, PGS ASA and PGS Inc. supplied or caused to be supplied the DigiFIN and Lateral Controller in or from the United States so as to actively induce

their combination outside the United States in a manner that would infringe the '038 patent if such combination occurred within the United States.

31. The DigiFIN and Lateral Controller are especially made and adapted for use in the invention of the '038 patent and are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

32. Upon information and belief, PGS ASA and PGS Inc. were aware that the DigiFIN and the Lateral Controller products were made and adapted to infringe WesternGeco's '038 patent, and PGS ASA and PGS Inc. intended that DigiFIN and the Lateral Controller would be combined outside the United States in a manner that would infringe WesternGeco's '038 patent if such a combination occurred within the United States.

33. Upon information and belief PGS ASA and PGS Inc. have sold or offered for sale within the United States marine seismic systems and surveys covered by the '038 patent.

34. Upon information and belief, PGS ASA and PGS Inc. specifically intended to induce infringement of the '038 patent, and were aware that they have induced acts that constitute infringement.

35. PGS ASA and PGS Inc. have infringed the '038 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, supplying and/or causing to be supplied in or from the United States products and services incorporating DigiFIN and the Lateral Controller—or components thereof—and/or inducing and/or contributing to such conduct by each other and/or other PGS entities, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

36. Neither PGS ASA nor PGS Inc. has any license or other authority from WesternGeco or any other person or entity to practice the subject matter claimed by the '038 patent.

37. WesternGeco has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '038 patent.

38. Upon information and belief, PGS ASA and PGS Inc. have been aware of the '038 patent at all relevant times.

39. Upon information and belief, PGS ASA and PGS Inc. have willfully infringed the '038 patent. PGS ASA's, and PGS Inc.'s willful infringement of the '038 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

### COUNT II – INFRINGEMENT OF THE '607 PATENT

40. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-39 above.

41. The DigiFIN and/or Lateral Controller comprise a substantial portion of the components of the system covered by the '607 patent.

42. Upon information and belief, PGS ASA and PGS Inc. supplied or caused to be supplied the DigiFIN and Lateral Controller in or from the United States so as to actively induce their combination outside the United States in a manner that would infringe the '607 patent if such combination occurred within the United States.

43. The DigiFIN and Lateral Controller are especially made and adapted for use in the invention of the '607 patent and are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

44. Upon information and belief, PGS ASA and PGS Inc. were aware that the DigiFIN and the Lateral Controller products were made and adapted to infringe WesternGeco's '607 patent, and PGS ASA and PGS Inc. intended that DigiFIN and the Lateral Controller would be

combined outside the United States in a manner that would infringe WesternGeco's '607 patent if such a combination occurred within the United States.

45. Upon information and belief PGS ASA and PGS Inc. have sold or offered for sale within the United States marine seismic systems and surveys covered by the '607 patent.

46. Upon information and belief, PGS ASA and PGS Inc. specifically intended to induce infringement of the '607 patent, and were aware that they have induced acts that constitute infringement.

47. PGS ASA and PGS Inc. have infringed the '607 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, supplying and/or causing to be supplied in or from the United States products and services incorporating DigiFIN and the Lateral Controller—or components thereof—and/or inducing and/or contributing to such conduct by each other and/or other PGS entities, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

48. Neither PGS ASA nor PGS Inc. has any license or other authority from WesternGeco or any other person or entity to practice the subject matter claimed by the '607 patent.

49. WesternGeco has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '607 patent.

50. Upon information and belief, PGS ASA and PGS Inc. have been aware of the '607 patent at all relevant times.

51. Upon information and belief, PGS ASA and PGS Inc. have willfully infringed the '607 patent. PGS ASA's, and PGS Inc.'s willful infringement of the '607 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '967 PATENT

52. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-51 above.

53. The DigiFIN and/or Lateral Controller comprise a substantial portion of the components of the system covered by the '967 patent.

54. Upon information and belief, PGS ASA and PGS Inc. supplied or caused to be supplied the DigiFIN and Lateral Controller in or from the United States so as to actively induce their combination outside the United States in a manner that would infringe the '967 patent if such combination occurred within the United States.

55. The DigiFIN and Lateral Controller are especially made and adapted for use in the invention of the '967 patent and are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

56. Upon information and belief, PGS ASA and PGS Inc. were aware that the DigiFIN and the Lateral Controller products were made and adapted to infringe WesternGeco's '967 patent, and PGS ASA and PGS Inc. intended that DigiFIN and the Lateral Controller would be combined outside the United States in a manner that would infringe WesternGeco's '967 patent if such a combination occurred within the United States.

57. Upon information and belief PGS ASA and PGS Inc. have sold or offered for sale within the United States marine seismic systems and surveys covered by the '967 patent.

58. Upon information and belief, PGS ASA and PGS Inc. specifically intended to induce infringement of the '967 patent, and were aware that they have induced acts that constitute infringement.

59. PGS ASA and PGS Inc. have infringed the '967 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, supplying and/or causing to be

supplied in or from the United States products and services incorporating DigiFIN and the Lateral Controller—or components thereof—and/or inducing and/or contributing to such conduct by each other and/or other PGS entities, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

60. Neither PGS ASA nor PGS Inc. has any license or other authority from WesternGeco or any other person or entity to practice the subject matter claimed by the '967 patent.

61. WesternGeco has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '967 patent.

62. Upon information and belief, PGS ASA and PGS Inc. have been aware of the '967 patent at all relevant times.

63. Upon information and belief, PGS ASA and PGS Inc. have willfully infringed the '967 patent. PGS ASA's, and PGS Inc.'s willful infringement of the '967 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT IV – INFRINGEMENT OF THE '520 PATENT

64. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-63 above.

65. The DigiFIN and/or Lateral Controller comprise a substantial portion of the components of the system covered by the '520 patent.

66. Upon information and belief, PGS ASA and PGS Inc. supplied or caused to be supplied the DigiFIN and Lateral Controller in or from the United States so as to actively induce their combination outside the United States in a manner that would infringe the '520 patent if such combination occurred within the United States.

67. The DigiFIN and Lateral Controller are especially made and adapted for use in the invention of the '520 patent and are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

68. Upon information and belief, PGS ASA and PGS Inc. were aware that the DigiFIN and the Lateral Controller products were made and adapted to infringe WesternGeco's '520 patent, and PGS ASA and PGS Inc. intended that DigiFIN and the Lateral Controller would be combined outside the United States in a manner that would infringe WesternGeco's '520 patent if such a combination occurred within the United States.

69. Upon information and belief PGS ASA and PGS Inc. have sold or offered for sale within the United States marine seismic systems and surveys covered by the '520 patent.

70. Upon information and belief, PGS ASA and PGS Inc. specifically intended to induce infringement of the '520 patent, and were aware that they have induced acts that constitute infringement.

71. PGS ASA and PGS Inc. have infringed the '520 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, supplying and/or causing to be supplied in or from the United States products and services incorporating DigiFIN and the Lateral Controller—or components thereof—and/or inducing and/or contributing to such conduct by each other and/or other PGS entities, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

72. Neither PGS ASA nor PGS Inc. has any license or other authority from WesternGeco or any other person or entity to practice the subject matter claimed by the '520 patent.

73. WesternGeco has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '520 patent.

74. Upon information and belief, PGS ASA and PGS Inc. have been aware of the '520 patent at all relevant times.

75. Upon information and belief, PGS ASA and PGS Inc. have willfully infringed the '520 patent. PGS ASA's, and PGS Inc.'s willful infringement of the '520 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

76. WHEREFORE, Plaintiff WesternGeco prays for judgment:

   A. Adjudging that Defendants PGS ASA and PGS Inc. have infringed the '038 patent;

   B. Adjudging that Defendants PGS ASA and PGS Inc. have infringed the '607 patent;

   C. Adjudging that Defendants PGS ASA and PGS Inc. have infringed the '967 patent;

   D. Adjudging that Defendants PGS ASA and PGS Inc. have infringed the '520 patent;

   E. Awarding WesternGeco damages adequate to compensate for PGS ASA's and PGS Inc.'s infringement of the '038 patent, the '607 patent, the '967 patent and the '520 patent, together with interest and costs as fixed by the Court;

   F. Adjudging that PGS ASA's and PGS Inc.'s infringement of the '038 patent, the '607 patent, the '967 patent and the '520 patent has been willful and trebling all damages awarded to WesternGeco for such infringement pursuant to 35 U.S.C. § 284;

   G. Enjoining PGS ASA and PGS Inc., and any of their agents or related entities, from making, using, offering to sell, selling, supplying and/or causing to be supplied in or from the United States products and services that practice the subject matter of the '038 patent, the '607 patent, the '967 patent and the '520 patent pursuant to 35 U.S.C. § 283;

   H. Enjoining PGS ASA and PGS Inc., and any of their agents or related entities, from making, using, offering to sell, selling and/or supplying in or from the United States components of systems or methods that practice, or otherwise aiding or inducing PGS' customers or other persons or entities to practice, the subject matter of the '038 patent, the '607 patent, the '967 patent and the '520 patent pursuant to 35 U.S.C. § 283;

I. Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding WesternGeco the attorney fees, costs and expenses it incurs in this action; and

J. Awarding WesternGeco such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff WesternGeco hereby demands a trial by jury for all the issues so triable.

Dated: September 16, 2013

By: *(signature)*
Lee L. Kaplan
SBN: 11094400
SMYSER KAPLAN & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX 77002
lkaplan@skv.com

*Attorneys for Plaintiff*
*WesternGeco L.L.C.*